IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL DUNHAM,<br><br>    Plaintiff,<br><br>v.<br><br>SARATOGA SPRINGS CITY, a municipality in the State of Utah, DEREK DALTON, individually and in his official capacity, and ZACHARY ROBINSON, individually and in his official capacity,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:19-cv-00641-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

    This case arises from the alleged violations of Plaintiff Daniel Dunham's constitutional rights by Defendants Officer Derek Dalton and Officer Zachary Robinson, law enforcement officers with the Saratoga Springs City Police Department. Defendants collectively move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and further ask the court to stay the case pursuant to the *Younger* abstention doctrine pending the resolution of an active state criminal case against Dunham.[1] For the reasons explained below, the court DENIES IN PART and GRANTS IN PART Defendants' Motion for Judgment on the Pleadings[2] and STAYS these proceedings pending resolution of the state criminal case against Dunham.

---

[1] The *Younger* abstention doctrine refers to the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

[2] Dkt. 14.

1

## BACKGROUND[3]

In September 2017, one of Dunham's neighbors called the Saratoga Springs City Police Department to report what he perceived to be an altercation between Dunham and his daughter.[4] Officer Dalton and Officer Robinson responded to that call and met with Dunham at the front door of his home.[5] Officer Dalton asked Dunham if the officers could enter the home to check on Dunham's daughter.[6] Dunham declined and explained his daughter had recently changed her medication and attacked her siblings before running from the home.[7] He also explained he tried to get his daughter to return home, but she became violent.[8] As a result, Dunham had to restrain his daughter, and she received a bloody nose.[9] According to Dunham, his daughter was resting in her room and did not require medical attention.[10] Unpersuaded, Officer Dalton explained he would not leave until he was allowed to check on the child.[11]

After several minutes of Dunham rebuffing the officers' attempts to enter his home, Officer Dalton pulled Dunham from the home and arrested him.[12] The officers then verified that

---

[3] Defendants' Motion requires the court to look at two sets of facts because different standards apply to Defendants' requests. Under Rule 12(c), the court is limited to reviewing the plausible allegations in Dunham's Complaint. *See Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (unpublished). But no such limitation applies to the court's consideration of the *Younger* doctrine. These background facts do not differentiate between those two sets of fact and, instead, derive from Dunham's Complaint and the parties' memoranda.

[4] Dkt. 2 (Complaint) ¶ 13.

[5] *Id.* ¶¶ 16, 18–19.

[6] *Id.* ¶ 20.

[7] *Id.* ¶ 21.

[8] *Id.* ¶¶ 22–23.

[9] *Id.*

[10] *Id.* ¶ 24.

[11] *Id.* ¶ 25.

[12] *Id.* ¶¶ 29, 32–33.

Dunham's daughter did not need medical attention, and she was released to her mother's care.[13] The officers never obtained a warrant to search Dunham's home or to arrest Dunham.[14]

In November 2018, Saratoga Springs City charged Dunham with child abuse involving physical injury and interference with an arresting officer.[15] That criminal case is currently pending in the Fourth Judicial District Court for the State of Utah.[16]

Dunham filed his Complaint in this case in September 2019, alleging three causes of action against Defendants.[17] First, Dunham claims the officers unlawfully searched and seized him in violation of the Fourth Amendment of the United States Constitution.[18] Second, he claims the officers unlawfully searched and seized him in violation of the Utah Constitution.[19] Third, he claims Saratoga Springs City is liable for the officers' conduct under 42 U.S.C. § 1983.[20]

Defendants answered[21] Dunham's Complaint and now move the court to dismiss "Dunham's claims for equitable relief" under Rule 12(c) of the Federal Rules of Civil Procedure and to stay his claims for damages under the *Younger* abstention doctrine.[22]

---

[13] *Id.* ¶ 39.

[14] *Id.* ¶ 40.

[15] Dkt. 14 at 4 ¶¶ 23–24.

[16] *Id.* at 4 ¶¶ 23, 31; Dkt. 15 at 4 ("In this case, there is an ongoing state criminal prosecution . . . .").

[17] *See* Dkt. 2 (Complaint).

[18] *Id.* ¶¶ 48–71.

[19] *Id.* ¶¶ 72–79.

[20] *Id.* ¶¶ 80–90.

[21] *See* Dkt. 13 (Answer).

[22] Dkt. 14 at 1–2.

## DISCUSSION

### I. Request for Judgment on the Pleadings

#### a. Rule 12(c) Legal Standard

Once "the pleadings are closed," Rule 12(c) permits a party to "move for judgment on the pleadings."[23] A Rule 12(c) motion is subject to the same standards as a Rule 12(b)(6) motion.[24] Thus, "to survive judgment on the pleadings, [a plaintiff] must allege a claim to relief that is plausible on its face."[25] To determine plausibility, the court "examine[s] the elements of the particular claim and review[s] whether the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] In so doing, the court "accept[s] as true all well-pleaded factual allegations in the complaint, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief."[27] Further, the court rejects "mere labels and legal conclusions" offered by the plaintiff.[28]

---

[23] Fed. R. Civ. P. 12(c).

[24] *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).") (citation omitted); *see also Cai v. Huntsman Corp.*, 810 F. App'x 639, 641 (10th Cir. 2020) (unpublished) ("A decision by the district court granting a defense motion for judgment on the pleadings is reviewed *de novo*, using the same standard of review applicable to a Rule 12(b)(6) motion.") (citation omitted).

[25] *Sanchez v. United States Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quotation marks and citation omitted).

[26] *Id.* (quotation marks and citation omitted).

[27] *Woodie*, 806 F. App'x at 666 (quotation marks and citation omitted).

[28] *Sanchez*, 870 F.3d at 1199. (citation omitted).

### b. Analysis

Defendants cite the relevant Rule 12(c) standard, but they do not apply it. Instead, they introduce facts that are not in the Complaint[29] and argue the court should dismiss Dunham's "claims for equitable relief" pursuant to the *Younger* abstention doctrine.[30] The court disagrees with Defendants for two reasons.

First, Dunham's claims, which rely on alleged constitutional violations, are not equitable claims. Indeed, Defendants never articulate which of Dunham's claims is a "claim for equitable relief" that should be dismissed.

Second, to the extent Dunham requests injunctive relief against Defendants in the event he succeeds on his claims, Rule 12(c) is an improper procedural vehicle for challenging that relief.[31] Rule 12(c), like Rule 12(b)(6), is a mechanism for challenging the sufficiency of a claim, not for challenging the scope of relief available under that claim.[32] Instead of challenging the sufficiency of Dunham's claims, Defendants appear to challenge only the relief available under those claims. This is procedurally improper. Accordingly, Defendants' Rule 12(c) request to dismiss Dunham's "claims for equitable relief" is DENIED.

---

[29] The parties argue about whether the court should consider the extra-pleadings facts offered by Defendants. *See* Dkt. 15 at 1; *see also* Dkt. 16 at 2. But the court need not resolve this dispute because Defendants' argument is facially and procedurally improper as explained below.

[30] Dkt. 14 at 6–7.

[31] *See M.S. v. Premera Blue Cross*, Case No. 2:19-cv-00199, 2020 WL 1692820, at *6 (D. Utah April 7, 2020).

[32] *Id.*

### II.   Request to Stay the Proceedings

#### a.   The *Younger* Abstention Doctrine

Generally, "federal courts are obliged to decide cases within the scope of federal jurisdiction" without deference to state court proceedings.[33] There are, however, "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."[34] Relevant here are circumstances implicating the so-called *Younger* abstention doctrine.[35]

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[36] It is a jurisdictional doctrine and "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."[37] Specifically, the *Younger* doctrine requires the court to "abstain from exercising jurisdiction" when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[38]

---

[33] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citation omitted).

[34] *Id.* (citation omitted).

[35] *See id.* at 72–73.

[36] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

[37] *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citations omitted).

[38] *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quotation marks and citation omitted).

When these conditions are met, "*Younger* abstention is non-discretionary" unless there exist extraordinary circumstances justifying the federal court's interference with the state court proceedings.[39]

The Tenth Circuit has identified three extraordinary circumstances that justify a federal court interfering with state court proceedings.[40] They include when "a pending state criminal prosecution . . . was (1) commenced in bad faith or to harass, (2) based entirely on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate."[41] The party arguing an extraordinary circumstance exists "has a heavy burden of proof" that "cannot be predicated on mere allegations."[42]

### b. Analysis

Defendants argue the court should stay these proceedings pursuant to the *Younger* abstention doctrine because all three *Younger* conditions are satisfied.[43] Dunham disagrees and

---

[39] *Id.* at 888 (citation omitted).

[40] *See Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) (citations omitted).

[41] *Id.* (quotation marks and citation omitted).

[42] *Id.* at 1066.

[43] Dkt. 14 at 7.

raises two primary arguments[44] in response to Defendants' request. First, he argues this case falls outside the scope of *Younger*.[45] Second, he argues that even if *Younger* abstention applies, this case satisfies the "bad faith" exception to the doctrine.[46] For the reasons detailed below, the court disagrees with both contentions.

### i. *Younger* Abstention is Proper In this Case

As explained above, the *Younger* abstention doctrine prohibits the court from hearing a case if three conditions are met. Each of those conditions is met in this case.

The first condition requires there to be "an ongoing state criminal, civil, or administrative proceeding."[47] Dunham does not challenge the application of the *Younger* abstention doctrine under this condition.[48] Indeed, the parties agree there is currently a pending criminal case against Dunham in Utah state court.[49]

---

[44] In his Opposition, Dunham raises two additional arguments based on misapplication of case law. *See* Dkt. 15 at 4–8. First, he argues *Younger* abstention is improper under a four-factor test discussed in *Rienhardt v. Kelly*, 164 F.3d 1296 (10th Cir. 1999). *Id.* at 4–7. But the four-factor test does not apply to the *Younger* doctrine. *See Rienhardt*, 164 F.3d at 1302 (explaining that the *Younger* abstention doctrine did not apply and then applying a four-factor test under the *Colorado River* doctrine, which "was adopted to avoid duplicative litigation."). Second, Dunham argues *Brown ex rel. Brown v. Day* stands for the proposition that *Younger* does not apply to a case where a federal plaintiff seeks a remedy for a past wrong. Dkt. 15 at 7–8. But *Brown* is more nuanced than Dunham suggests. The dispositive issue in *Brown* was "whether a federal plaintiff's challenge to a state administrative agency's decision to terminate her Medicaid benefits is the type of proceeding entitled to *Younger* deference." *Brown*, 555 F.3d at 884. The Tenth Circuit explained that the test for determining whether such a proceeding qualified for *Younger* deference depends on whether the proceeding is remedial or coercive in nature. *Id.* The Tenth Circuit identified one factor relevant to that inquiry: "whether the federal plaintiff initiated the state proceeding of her own volition to right a wrong inflicted by the state (a remedial proceeding)." *Id.* at 889. Thus, Dunham's argument, which summarily relies on language from *Brown* taken out of context—"those cases where the federal plaintiff has sought a state remedy are not the type of cases subject to *Younger* abstention"—is mistaken at best. Dkt. 15 at 7 (quoting *Brown*, 555 F.3d at 884). At worst, it is Dunham's attempt to misguide the court. Regardless, the argument fails because a criminal proceeding in state court where the state initiated the proceedings is clearly a coercive proceeding entitled to *Younger* deference.

[45] Dkt. 15 at 3–4.

[46] *Id.* at 8–9.

[47] *Brown*, 555 F.3d at 887 (citation omitted).

[48] *See* Dkt. 15 at 4.

[49] Dkt. 14 at 7 ("First, there is an ongoing state criminal proceeding between Saratoga Springs City and Plaintiff."); Dkt. 15 at 4 ("In this case, there is an ongoing state criminal prosecution . . . .").

The second condition requires "the state court provide[] an adequate forum to hear the claims raised in the federal complaint."[50] "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court."[51] This does not require that the plaintiff have the opportunity to raise the same claims in the state case as he has raised in the federal case.[52] Instead, this condition may be satisfied if a federal plaintiff can raise his constitutional challenges as defenses in the state action.[53] Indeed, the Supreme Court has advised that "[t]he accused should first set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection."[54] Further, the Supreme Court has recognized "that a pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights."[55] Accordingly, Dunham has the burden of proving he could not have raised his constitutional challenges in the state court's criminal proceedings.[56]

Dunham argues the state court does not provide an adequate forum to hear his claims because his claims "are causes of action for tort damages arising out of violations of [his] civil

---

[50] *Brown*, 555 F.3d at 887 (citation omitted).

[51] *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotation marks and citation omitted).

[52] *See D.L.*, 392 F.3d at 1228 ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding.") (citation omitted).

[53] *See id.* at 1228–30 (concluding the second *Younger* condition was met because "no reason appear[ed] why Plaintiffs' contentions [ ] could not be interposed as defenses in state court.") (citation omitted); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) ("It would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court.") (citation omitted); *see also Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (concluding that the federal district court correctly declined to abstain from a case under the *Younger* doctrine because the case involved "an issue that could not [have been] raised in defense of the criminal prosecution.").

[54] *Younger*, 401 U.S. at 45 (citation omitted).

[55] *Steffel v. Thompson*, 415 U.S. 452, 460 (1974) (citation omitted).

[56] *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (citation omitted).

rights."[57] Dunham's argument, however, fails to recognize that an opportunity to raise a defense during a state criminal proceeding satisfies this condition even if the federal claims are for monetary relief.[58]

Under the relevant standard, the Utah court provides "an adequate forum to litigate [Dunham's] constitutional [challenges] by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies."[59] Indeed, Dunham filed a motion to suppress evidence, presumably challenging the constitutionality of his arrest and the search, in the state court proceedings.[60] The state court denied that motion,[61] and "[a] finding in this case that [the] alleged illegal search and seizure violated [Dunham's] constitutional rights" may impermissibly contradict that ruling or "have a preclusive effect in" that case.[62] This is true for each of Dunham's claims because in hearing those claims, the court would have to decide whether Defendants violated Dunham's constitutional rights.[63]

The third element requires the state proceedings to "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[64] Utah "undoubtedly has an important interest in enforcing its

---

[57] Dkt. 15 at 4.

[58] *See D.L.*, 392 F.3d at 1228–29; *see also Middlesex*, 457 U.S. at 435–37.

[59] *Villela v. Weishaar*, Case No. 16-3047-SAC, 2019 WL 858756, at *5 (D. Kan. Feb. 22, 2019) (citation omitted).

[60] Dkt. 14 at 4 ¶ 28. Neither party submitted Dunham's motion to suppress or the state court's ruling on that motion.

[61] Dkt. 14-2 at 9.

[62] *Villela*, 2019 WL 858756, at *5 (citation omitted).

[63] *See D.L.* 392 F.3d at 1229 ("If any claim succeeds, then there is no merit to the District's state-court suit, which seeks reimbursement from Mother and P.P. for educational expenses of the children to which they, as nonresidents, were not entitled. Therefore, a resolution favorable to Plaintiffs in this case would foreclose that suit (and might even be enforced by a federal injunction against the suit), an interference with state-court litigation that is impermissible under *Younger*.") (citation omitted).

[64] *Brown*, 555 F.3d at 887 (citation omitted).

criminal laws through criminal proceedings in the state's courts,"[65] and Dunham never argues otherwise. Thus, this element is met, and the court must abstain from hearing Dunham's claims until the state court proceedings are resolved.

### ii. The Bad Faith Exception to *Younger* Abstention Is Inapplicable

Dunham argues the *Younger* doctrine does not require the court to stay this case because the criminal case was brought against him in bad faith and in retaliation for him exercising his constitutional rights.[66] To succeed on this argument, Dunham bears a "heavy burden of proof" and cannot rely "on mere allegations."[67] Instead, he "must *prove* bad faith or harassment."[68]

The court considers three factors "in determining whether a prosecution began in bad faith or is intended to harass":

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success, (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.[69]

Without addressing the third factor, Dunham argues the first and second factors favor the court finding the criminal prosecution was brought in bad faith.[70] Dunham does not meet his burden under those factors.

---

[65] *Villela*, 2019 WL 858756, at *5 (citing *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)); *see Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) ("The state of Utah has an important interest in its criminal proceedings.").

[66] Dkt. 15 at 8–9.

[67] *Phelps*, 59 F.3d at 1066.

[68] *Id.*

[69] *Masterpiece Cakeshop Inc. v. Elenis*, Case No. 18-cv-02074-WYD-STV, 2019 WL 8638852, at *8 (D. Colo. Jan. 4, 2019) (quoting *Phelps*, 59 F.3d at 1065) (ellipses omitted).

[70] Dkt. 15 at 8–9.

First, Dunham argues the criminal case is frivolous because exigent circumstances did not justify the officers arresting him and searching his house.[71] Defendants disagree, arguing the criminal case is not frivolous because exigent circumstances justified the officers' actions.[72] The court need not make any findings on whether exigent circumstances exist in Dunham's case, however, because both parties' arguments have some degree of merit on the undeveloped record before the court. That is, Defendants' argument demonstrates there is a possibility exigent circumstances justified the officers' actions. The merits of that argument—whether it is successful or not—is enough for this court to conclude the criminal case against Dunham is not "frivolous or undertaken with no reasonably objective hope of success."[73]

Second, Dunham argues the officers acted in retaliation for him exercising his constitutional rights.[74] But Dunham's burden is to "prove that retaliation was a major motivating factor and played a dominant role in the decision to prosecute."[75] Thus, assuming Dunham is correct in believing the officers' actions were retaliatory, his argument nevertheless fails because he offers no evidence indicating Saratoga Springs City's decision to prosecute him was motivated by retaliatory animus.

In sum, having weighed the relevant factors, the court concludes Dunham has not met his burden of demonstrating that this case is subject to the "bad faith" exception to the *Younger*

---

[71] *Id.* at 8.

[72] Dkt. 16 at 4–5.

[73] *Phelps*, 59 F.3d at 1065.

[74] Dkt. 15 at 8–9.

[75] *Phelps*, 59 F.3d at 1066 (quotation marks and citation omitted).

doctrine. The court must therefore abstain from hearing this cause until the criminal case against Dunham is resolved.[76]

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Defendants' Motion for Judgment on the Pleadings.[77] Specifically, the court DENIES Defendants' request to dismiss Dunham's equitable claims. The court GRANTS Defendants' request for the court to stay this case pending resolution of the criminal case against Dunham in the Utah state court. Accordingly, this case is STAYED until the criminal case against Dunham in Utah state court is resolved. The parties are directed to notify the court within fourteen days after a final judgment enters in that case.

SO ORDERED this 27th day of August 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[76] *See Info. Dock Analytics LLC v. Coughlin*, Case No. 18cv380KG/KBM, 2019 WL 1316107, at *6 (D. N.M. March 22, 2019) ("When abstaining under *Younger*, courts should stay, rather than dismiss, the action.") (citation omitted).

[77] Dkt. 14.