IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL DUNHAM,<br><br>    Plaintiff,<br><br>v.<br><br>SARATOGA SPRINGS CITY, a municipality incorporated in the State of Utah, DEREK DALTON, individually and in his official capacity, and ZACHARY ROBINSON, individually and in his official capacity,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00641-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is Defendants Saratoga Springs City, Derek Dalton, and Zachary Robinson's Motion for Summary Judgment[1] and Plaintiff Daniel Dunham's Motion to Dismiss.[2] For the reasons provided below, Defendants' Motion for Summary Judgment is granted, and Dunham's Motion to Dismiss is denied as moot.

## BACKGROUND[3]

On September 11, 2017, Dunham's neighbor called 911 and reported a fight between Dunham and Dunham's minor daughter.[4] The neighbor stated Dunham had beaten and choked

---

[1] ECF 33, *Defendants' Motion for Summary Judgment* (*Motion for Summary Judgment*).

[2] ECF 39, *Motion for Dismissal Pursuant to Rule 41(A)(2)* (*Motion to Dismiss*).

[3] When considering a motion for summary judgment, courts view the facts "in the light most favorable to the nonmoving party." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Dunham does not dispute Defendants' statement of material facts. ECF 40, *Memorandum in Opposition to Motion for Summary Judgment* (*Dunham's Response*) at 2. Accordingly, the court will recite the undisputed facts as provided in Defendants' Motion for Summary Judgment.

[4] *Motion for Summary Judgment* ¶ 1.

1

his daughter, who had a bloody nose and might need medical attention.[5]  In response to the call, Officers Derek Dalton and Zachary Robinson of the Saratoga Springs Police Department went to Dunham's home and spoke with him at his front door.[6]  They asked Dunham if they could see his daughter to assess her injuries, but Dunham refused to let them inside or bring her to the door.[7]  However, Dunham admitted she had a bloody nose, and Officer Dalton observed that Dunham had a black eye.[8]

After Dunham refused to let them see his daughter, Officer Dalton grabbed Dunham's wrist to try and pull him outside.[9]  Dunham resisted, so Officer Dalton moved inside and asked him to go outside.[10]  Dunham refused and Officer Dalton pushed him outside.[11]  The officers ordered Dunham to put his hands behind his back, but he resisted.[12]  Eventually, they were able to handcuff him.[13]

## PROCEDURAL HISTORY

**State Court Proceedings**

Saratoga Springs City (the City) charged Dunham with child abuse, obstructing justice,

---

[5] *Id.* ¶ 2.

[6] *Id.* ¶¶ 1, 3.  Both officers wore body cameras that recorded their confrontation with Dunham.  Defendants filed the videos, which depict the events as described by Defendants.  *See* ECF 24, *Certificate of Conventional Filing – Dalton Bodycam Videotape*; ECF 25, *Certificate of Conventional Filing – Robinson Bodycam Videotape*; *see also Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1207 (10th Cir. 2017) (relying on body camera footage at summary judgment stage, but still viewing the facts in the light most favorable to the nonmoving party).

[7] *Id.* ¶¶ 3–4.

[8] *Id.* ¶ 4.

[9] *Id.* ¶ 5.

[10] *Id.* ¶ 6.

[11] *Id.* ¶ 7.

[12] *Id.*

[13] *Id.* ¶ 8.

and interfering with a peace officer.[14]  After a preliminary hearing, the state district court found probable cause to bind Dunham over for trial on the child abuse and interfering with a peace officer charges.[15]

Dunham moved "to suppress and exclude any and all evidence seized or discovered as a result of the warrantless seizure of his person."[16]  He argued there were no exigent circumstances permitting the officers to enter his home and arrest him without a warrant.[17]  He also argued the officers were not justified by a need to render emergency aid.[18]  The state district court held an evidentiary hearing and a second hearing for oral argument.[19]  At the second hearing, it denied the motion to suppress, concluding the officers had probable cause to believe a crime had been or was being committed and that exigent circumstances justified acting without a warrant.[20]

In August 2021, a jury convicted Dunham of interfering with a peace officer but found him not guilty of child abuse.[21]  Dunham appealed his conviction.[22]  On September 30, 2022, the Utah Court of Appeals affirmed Dunham's conviction of interfering with a peace officer.[23]

---

[14] *Id.* ¶¶ 9–10; *see also* ECF 32-2, *Exhibit B to the Motion for Summary Judgment* (*Information*) at 2–3.  The court judicially noticed the records in *City of Saratoga Springs v. Daniel Dunham*, Case No. 282202559 (Utah Ct. App.).  ECF 31, *Order Granting Request for Judicial Notice*.

[15] ECF 32-6, *Exhibit F to Motion for Summary Judgment* (*Preliminary Hearing Transcript*) at 56–64.

[16] ECF 32-4, *Exhibit D to Motion for Summary Judgment* (*Motion to Suppress*) at 2.

[17] *Id.* at 7–13; *see also Brigham City v. Stuart*, 2005 UT 13, ¶¶ 15–19, 28–44, 122 P.3d 506 (describing the exigent-circumstances exception to the warrant requirement), *rev'd*, 547 U.S. 398 (2006) (the U.S. Supreme Court disagreed with the Utah Supreme Court's holding, but not its explanation of the exception).

[18] *Motion to Suppress* at 13–15; *see also Stuart*, 2005 UT 13, ¶¶ 22–27 (describing the emergency-aid exception to the warrant requirement), *rev'd*, 547 U.S. 398 (2006).

[19] ECF 32-5, *Exhibit E to Motion for Summary Judgment* (*Hearing Transcripts*) at 2, 6, 98, 100.

[20] *Id.* at 133–36.

[21] ECF 32-8, *Exhibit H to Motion for Summary Judgment* (*Jury Verdict Form*); ECF 32-9, *Exhibit I to Motion for Summary Judgment* (*Judgment*).

[22] ECF 32-10, *Exhibit J to Motion for Summary Judgment* (*Notice of Appeal*).

[23] ECF 32-11, *Exhibit K to Motion for Summary Judgment* (*Order of Affirmance*).  On appeal, Dunham argued the state district court erred by excluding evidence of his state of mind.  *Id.* at 2.  The Utah Court of Appeals rejected this argument.  *Id.* at 3–4.

**Federal Court Proceedings**

Dunham initiated this action in September 2019, alleging (1) a § 1983 claim for unlawful search and seizure against Officers Dalton and Robinson, (2) an unconstitutional search and seizure claim under the Utah Constitution against Officers Dalton and Robinson, and (3) a § 1983 claim against the City for municipal liability.[24] In August 2020, the case was stayed pending resolution of Dunham's criminal case in state court.[25]

The stay was lifted after Dunham's trial,[26] and Defendants moved for summary judgment in March 2023.[27] Defendants made several arguments in their Motion for Summary Judgment, including that Dunham's § 1983 search and seizure claims should be dismissed without prejudice under *Heck v. Humphrey*.[28] On May 11, 2023, Dunham filed a Motion to Dismiss[29] and an Opposition to the Motion for Summary Judgment.[30] In each filing, he requests the court dismiss his case without prejudice so he can pursue relief under the Utah Post-Conviction Remedies Act and if successful refile his claims in federal court.[31] Defendants' Motion for Summary Judgment and Dunham's Motion to Dismiss are fully briefed and ripe for review.[32]

---

[24] ECF 2, *Complaint* ¶¶ 48–90.

[25] ECF 18, *Memorandum Decision and Order Denying in Part and Granting in Part Defendants' Motion for Judgment on the Pleadings* at 13.

[26] ECF 21, Docket Text Order lifting stay.

[27] *Motion for Summary Judgment*.

[28] *Id.* at 17–20 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[29] *Motion to Dismiss*.

[30] *Dunham's Response*.

[31] *Dunham's Response* at 5; *Motion to Dismiss* at 3.

[32] *See* ECF 41, *Defendants' Reply Memorandum in Support of Motion for Summary Judgment* (*Defendants' Reply*); ECF 42, *Defendants' Memorandum in Opposition to Plaintiff's Motion to Dismiss Without Prejudice* (*Defendants' Opposition*). Dunham did not file a Reply in support of his Motion to Dismiss. *See* ECF 43, *Request to Submit for Decision* at 2.

**LEGAL STANDARD**

A court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[33]

**ANALYSIS**

Dunham's Complaint asserts a § 1983 claim for unreasonable search and seizure, relying on two theories: (1) Officer Dalton used excessive force, and (2) the officers' warrantless entry and seizure violated the Fourth Amendment.[34] Dunham also asserts a § 1983 claim for municipal liability[35] and a claim for unconstitutional search and seizure under the Utah Constitution.[36]

The court will first explain why any § 1983 claim relying on an excessive force theory is barred by *Heck v. Humphrey*.[37] The court will then explain why the remaining claims are not barred by *Heck* but are barred by issue preclusion. Finally, the court will explain why Dunham's Motion to Dismiss is moot.

**I.   Dunham's § 1983 claims based on excessive force are barred by *Heck*.**

In his first § 1983 claim, Dunham asserts Officer Dalton used excessive force and Officer Robinson failed to intervene and prevent his use of excessive force.[38] However, a judgment in Dunham's favor on these claims would imply his conviction is invalid, so they are barred by *Heck*.[39]

---

[33] Fed. R. Civ. P. 56(a).

[34] *Complaint* ¶¶ 48–71.

[35] *Id.* ¶¶ 80–90.

[36] *Id.* ¶¶ 72–79.

[37] 512 U.S. 477 (1994).

[38] *Complaint* ¶¶ 60, 63. It is unclear whether Dunham is asserting Officer Robinson also used excessive force. *See id.* ¶¶ 60, 66. If he is, that claim would also be barred by *Heck*.

[39] 512 U.S. 477 (1994).

5

Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed."[40] Dismissal is not required if "the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[41] Put differently, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[42]

In their Motion for Summary Judgment, Defendants argue a judgment in Dunham's favor would imply his conviction is invalid, meaning *Heck* bars his § 1983 search and seizure claims.[43] They further argue dismissal without prejudice is proper because Dunham could seek post-conviction relief in state court.[44] Dunham does not disagree—he agrees *Heck* applies and

---

[40] *Id.* at 487.

[41] *Id.*

[42] *Id.* at 489–90.

[43] *Motion for Summary Judgment* at 17–20. Dunham is not incarcerated, but Defendants argue *Heck* applies because he can seek post-conviction relief in state court. *Motion for Summary Judgment* at 18–20. Dunham agrees that *Heck* applies. *Dunham's Response* at 2–5. The court thus accepts the parties' agreement that *Heck* applies, even though Dunham is not a state prisoner. *See Taylor v. City of Bixby*, No. 12-cv-0066-CVE-FHM, 2012 WL 6115051, at *6–8 (N.D. Okla. Dec. 10, 2012) (concluding *Heck* applied because the plaintiff could file for post-conviction relief in state court); *McFadden v. City of Midwest City*, No. CIV-12-1419-HE, 2014 WL 798013, at *2 (W.D. Okla. Feb. 27, 2014) (concluding *Heck* applied because "an available means exists under state law for challenging the conviction involved, regardless . . . of plaintiff's custodial status").

[44] *Motion for Summary Judgment* at 20, 30; *see also Johnson v. Spencer*, 950 F.3d 680, 695 (10th Cir. 2020) (explaining that a dismissal under *Heck* should be without prejudice). In their Reply, Defendants argue Dunham's claims should be dismissed with prejudice because he did not respond to their arguments for dismissal with prejudice. *Defendants' Reply* at 6. But a party is not entitled to dismissal with prejudice just because the opposing party does not respond—the moving party must still show it is entitled to its requested relief. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002). Defendants have not shown claims barred by *Heck* should be dismissed with prejudice, especially given their initial argument that *Heck* warrants dismissal without prejudice.

6

requests dismissal without prejudice. Given the parties' agreement,[45] the court will dismiss without prejudice those claims barred by *Heck*. And for the reasons explained below, Dunham's claims relying on an excessive force theory are barred by *Heck*.

Dunham was convicted of interfering with a peace officer.[46] This required the jury to find beyond a reasonable doubt that "a peace officer [was] seeking to effect a lawful arrest or detention of [Dunham] or another person" and Dunham interfered with the arrest or detention.[47] Officers are not "seeking to effect a lawful arrest" if they act outside the scope of their authority,[48] and the Utah Supreme Court has approved jury instructions stating officers act outside their authority when they use excessive force.[49]

If the court were to conclude Officer Dalton used excessive force during the arrest[50] and Officer Robinson failed to intervene, it would effectively be concluding the officers acted outside their authority and were not "seeking to effect a lawful arrest."[51] The court would thus be implying Dunham's conviction—which required the jury to find the officers were "seeking to

---

[45] *Motion for Summary Judgment* at 17–20; *Dunham's Response* at 1–5. In their Opposition to Dunham's Motion to Dismiss, Defendants—without explanation—abruptly change course and argue *Heck* does not apply. *See Defendants' Opposition* at 6–8. But Defendants did not argue *Heck* was inapplicable in their summary judgment briefing; they argued only that it applied. *See Motion for Summary Judgment* at 17–20; *Defendants' Reply* at 6. Accordingly, the court did not understand Defendants to be abandoning their *Heck* argument for summary judgment purposes, and regardless, the court is persuaded *Heck* applies to some of Dunham's claims.

[46] *Jury Verdict Form*; *Order of Affirmance*.

[47] *See* Utah Code § 76-8-305(1); *Order of Affirmance*.

[48] *Am. Fork City v. Pena-Flores*, 2002 UT 131, ¶ 13, 63 P.3d 675.

[49] *State v. Alonzo*, 973 P.2d 975, 981 (1998) (approving instruction stating, "If you find in this case that the officers used excessive force in making arrests, then they are acting beyond the scope of their authority and the defendants are justified to use reasonable force in protecting themselves or others"); *see also State ex rel. S.S.*, No. 20010444-CA, 2002 WL 287951, at *1 (Utah Ct. App. Feb. 28, 2002) (per curiam).

[50] Although somewhat unclear, Dunham appears to assert Officer Dalton used excessive force during the arrest, not before or after. *Complaint* ¶¶ 32–33, 57, 60–61.

[51] *See Alonzo*, 973 P.2d at 981.

7

effect a lawful arrest"[52]—is invalid. Accordingly, Dunham's claims based on excessive force are barred by *Heck*, and they are dismissed without prejudice.[53]

## II. The remaining claims are barred by issue preclusion.

Dunham's remining claims assert unreasonable search and seizure against the officers and municipal liability against the City.[54] The court will first explain why the remaining § 1983 claims are not barred by *Heck*. It will then explain why all remaining claims are barred by issue preclusion and thus dismissed with prejudice.

### A. The remaining § 1983 claims are not barred by *Heck*.

The remaining § 1983 claims against the officers rely on Dunham's assertion that they unconstitutionally entered his home and arrested him without a warrant.[55] Similarly, Dunham's municipal liability claim relies on the officers' warrantless entry and arrest—he asserts the City's officers had a custom of entering homes without warrants and the City failed to properly train its officers on the warrant requirement.[56] These claims are not barred by *Heck* because a ruling in Dunham's favor would not imply his conviction is invalid.

As explained, Dunham was convicted of interfering with a peace officer, which required the jury to find "a peace officer [was] seeking to effect a lawful arrest."[57] The Utah Supreme Court held that "seeking to effect" "makes it clear that the reach of the statute is not contingent

---

[52] Utah Code § 76-8-305(1).

[53] In dicta and unpublished cases, the Tenth Circuit has indicated *Heck* is not jurisdictional. *See Johnson v. Spencer*, 950 F.3d 680, 697 (10th Cir. 2020). Since neither party addressed this issue, the court will not consider it further. *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 520 n.28 (10th Cir. 2023) (declining to consider whether *Heck* is jurisdictional when the parties did not raise the issue).

[54] *Complaint* ¶¶ 48–71, 80–90.

[55] *Id.* ¶¶ 48–71.

[56] *Id.* ¶¶ 80–90.

[57] Utah Code § 76-8-305(1); *Order of Affirmance*.

on the lawfulness of the underlying arrest or detention, but rather . . . the officer acting within the scope of his or her authority and the detention or arrest having the indicia of being lawful."[58] In other words, it is a crime to interfere with an arrest if officers are acting within the scope of their authority, even if the underlying arrest is unlawful.[59] This ensures objections to the legality of an arrest are determined in court, "not in the street."[60]

If the court here concluded the officers were required to obtain a warrant before entering Dunham's home and arresting him, that conclusion would not imply his conviction is invalid. This is because a conviction for interfering with a peace officer can be based on an arrest later determined to be unlawful.[61]

Of course, the state district court determined the arrest was lawful and thus denied Dunham's motion to suppress.[62] If Dunham's conviction rested on evidence that would have been suppressed had the state district court granted his motion, then a ruling by this court in Dunham's favor would imply the evidence should have been suppressed and his conviction is invalid. But neither party argued Dunham's conviction rested on evidence that should have been suppressed.[63] For these reasons, Dunham's remaining § 1983 claims are not barred by *Heck*.

---

[58] *Pena-Flores*, 2002 UT 131, ¶ 13 (quotation simplified).

[59] *Id.*

[60] *Id.* ¶ 14 (quoting *State v. Gardiner*, 814 P.2d 568, 574 (Utah 1991)).

[61] *See id.* ¶ 13; *see also Am. Fork City v. Robinson*, 2012 UT App 357, ¶ 5, 293 P.3d 1105 ("Our supreme court has clearly explained that a person may be found guilty of resisting arrest even when the underlying arrest is later found to have been unlawful.").

[62] *Hearing Transcripts* at 133–36.

[63] *Motion for Summary Judgment* at 17–20; *Dunham's Response* at 1–5; *Defendants' Reply* at 6; *see also Motion to Suppress* at 16 (requesting suppression of "[a]ny evidence" obtained from the warrantless entry and seizure, but not specifying any particular evidence); *Hearing Transcripts* at 119 (requesting suppression of "anything that [the officers] discovered by virtue of getting answers to the questions that [Dunham] provided").

### B. The remaining claims are barred by issue preclusion.

Although the remaining § 1983 claims are not barred by *Heck*, all remaining claims are barred by issue preclusion. "The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered."[64] Dunham was convicted in Utah's Fourth Judicial District, so this court must give that judgment the preclusive effect it would have in Utah state court.[65]

Issue preclusion "prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[66] In Utah, issue preclusion applies when four elements are satisfied: (1) "the party against whom issue preclusion is asserted was a party to or in privity with a party to the prior adjudication," (2) "the issue decided in the prior adjudication was identical to the one presented in the instant action," (3) "the issue in the first action was completely, fully, and fairly litigated," and (4) "the first suit resulted in a final judgment on the merits."[67]

The court will address each element below, and it concludes each element is satisfied and issue preclusion thus applies.

---

[64] *Jiron v. City of Lakewood*, 392 F.3d 410, 415–16 (10th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

[65] *See id.*

[66] *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 23, 285 P.3d 1157 (quoting *Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 41, 250 P.3d 465).

[67] *Id.* (quoting *Jensen*, 2011 UT 17, ¶ 41).

### 1. Dunham was a party to the prior adjudication.

Defendants are asserting issue preclusion against Dunham, and he was the defendant in the state court action. Thus, Dunham was "a party to the prior adjudication,"[68] and the first element is satisfied.

### 2. The issue decided in state court is identical to the issue presented here.

Dunham's remaining claims rely on his assertion that the officers were constitutionally required to obtain a warrant before entering his home and seizing him.[69] Two of his claims are § 1983 claims and thus based on the United States Constitution,[70] but his third claim is based on the Utah Constitution.[71] Accordingly, Dunham is asking the court to decide whether a warrant was required by the Utah and United States Constitutions. But those exact issues were already decided—Dunham argued both Constitutions required a warrant, and the state district court

---

[68] *Id.* (quoting *Jensen*, 2011 UT 17, ¶ 41).

[69] *Complaint* ¶¶ 48–90. This is true for the municipal liability claim because "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature *caused a constitutional tort*." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis added); *see also Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Underlying Dunham's municipal liability claim is his assertion that the officers' warrantless entry and seizure were unconstitutional.

[70] *Complaint* ¶¶ 48–71, 80–90.

[71] *Id.* ¶¶ 72–79. It is unclear whether Dunham's claim under the Utah Constitution incorporates an excessive force theory. *See id.* If it does, that claim is likely barred by issue preclusion, as Dunham's conviction for interfering with a peace officer would have required the jury to find the officers were "seeking to effect a lawful arrest" and thus not using excessive force. *See supra* Section I; *see also Order of Affirmance* at 3 (stating Officer Dalton "was acting within the scope of his authority"). But if that claim were not barred by issue preclusion, the court would decline to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3); *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1149–50 (10th Cir. 2017).

11

concluded a warrant was not required because the officers had probable cause and there were exigent circumstances.[72] Consequently, this element is satisfied.[73]

### 3. The issue was "completely, fully, and fairly litigated" in state court.

The third element requires the parties "receive notice, reasonably calculated, under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections."[74] In the state case, Dunham was represented by counsel, and he moved to suppress all evidence obtained from the warrantless entry and seizure.[75] He argued the warrantless entry and seizure were unconstitutional under both the Utah and United States Constitutions.[76] The motion to suppress was briefed, and the state district court held an evidentiary hearing where Dunham had the opportunity to present evidence.[77] At a second hearing, Dunham's counsel presented oral argument on the motion.[78] For these reasons, Dunham had notice of the action and was allowed to present his objections. The issue was "completely, fully, and fairly litigated" in state court.[79]

---

[72] *Hearing Transcripts* at 133–36. The state district court did not explicitly state its conclusion applied to the Utah and United States Constitutions. *See id.* But Dunham made an argument under both Constitutions in his Motion to Suppress and at the hearing, so the court can reasonably infer the state district court's ruling applied to both. *See Motion to Suppress* at 7–13; *Hearing Transcripts* at 100–02.

[73] Some Utah cases refer to an issue that was "essential to resolution" of the first suit. *See Robertson v. Campbell*, 674 P.2d 1226, 1230 (Utah 1983). But later cases do not discuss essentiality when outlining the elements of issue preclusion. *See Moss*, 2012 UT 42, ¶ 23; *see also Amundsen v. Univ. of Utah*, 2019 UT 49, ¶ 24, 448 P.3d 1224. Furthermore, Dunham does not argue essentiality is an element of issue preclusion, and he agrees issue preclusion applies. *See Dunham's Response* at 1 ("As it currently stands, the plaintiff's claims would be barred by issue preclusion and claim preclusion."). The court thus does not consider whether essentiality is an element of issue preclusion in Utah.

[74] *Career Serv. Rev. Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 939 (Utah 1997) (quoting *Copper State Thrift & Loan v. Bruno*, 735 P.2d 387, 391 (Utah Ct. App. 1987)).

[75] *See Motion to Suppress*.

[76] *Id.* at 7–15.

[77] *See Hearing Transcripts* at 84 (court asking Dunham's counsel if he had any evidence to present).

[78] *See id.* at 100–19, 128–33.

[79] *See Moss*, 2012 UT 42, ¶ 23 (quoting *Jensen*, 2011 UT 17, ¶ 41).

### 4. The state court case resulted in a "final judgment on the merits."

For purposes of issue preclusion, a "final judgment on the merits" refers to a final judgment on the relevant issue, "not a judgment 'on the merits' of the underlying action."[80] Put differently, "[i]f the same issue . . . was finally resolved in an earlier case . . . (and otherwise meet[s] the elements of issue preclusion), then further litigation of that issue is barred."[81]

The state district court determined the warrantless entry and seizure were constitutional after it received a motion to suppress, conducted an evidentiary hearing, and heard argument.[82] The issue was "finally resolved,"[83] meaning there was a "final judgment on the merits,"[84] and this element is satisfied.

### 5. All remaining claims are precluded.

As explained, Dunham's remaining claims all rely on his assertion that the officers' warrantless entry and seizure were unconstitutional.[85] But in state court, there was a final judgment on the merits of this exact issue.[86] Dunham does not disagree—he acknowledges his

---

[80] *Amundsen*, 2019 UT 49, ¶ 26.

[81] *Davis & Sanchez, PLLC v. Univ. of Utah Health Care*, 2015 UT 47, ¶ 15, 349 P.3d 748 (emphasis omitted).

[82] *See Motion to Suppress*; *Hearing Transcripts*.

[83] *See Davis & Sanchez*, 2015 UT 47, ¶ 15.

[84] *See Moss*, 2012 UT 42, ¶ 23 (quoting *Jensen*, 2011 UT 17, ¶ 41).

[85] *Complaint* ¶¶ 48–90.

[86] *See Hearing Transcripts*.

claims are precluded.[87] Accordingly, further litigation of this issue is barred, and the remaining claims are dismissed with prejudice.[88]

### III. Dunham's Motion to Dismiss is moot.

Relying on *Heck*, Dunham's Motion to Dismiss requests dismissal without prejudice of all his claims.[89] Dunham's *Heck* argument is indistinguishable from the *Heck* argument in Defendants' Motion for Summary Judgment, which the court addressed above.[90] Consequently, there is no reason to consider Dunham's Motion to Dismiss, and the Motion is denied as moot.[91]

## CONCLUSION

For the reasons provided, Defendants' Motion for Summary Judgment[92] is GRANTED, and Dunham's Motion to Dismiss[93] is DENIED as moot. Dunham's § 1983 claims relying on an excessive force theory are barred by *Heck v. Humphrey*[94] and thus dismissed without prejudice.

---

[87] *Dunham's Response* at 1.

[88] Defendants argue claim preclusion bars the claim against the City and issue preclusion bars the claims against the officers. *Motion for Summary Judgment* at 15–17. Accordingly, they have not argued issue preclusion applies to the municipal liability claim. However, "[a] district court may grant summary judgment on a ground not formally raised in a summary judgment motion, so long as the losing party was on notice [it] had to come forward with all [its] evidence." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1170 (10th Cir. 2010) (quotation simplified). Although Defendants limited their issue preclusion argument to the officers, Dunham was on notice they were arguing the state court's denial of the motion to suppress was preclusive. *See Motion for Summary Judgment* at 15–17. Moreover, Dunham agrees issue preclusion applies to his municipal liability claim, *Dunham's Response* at 1, and there is significant overlap between claim and issue preclusion, *see Moss*, 2012 UT 42, ¶¶ 21, 23. Dunham is thus not prejudiced by the court's conclusion that issue preclusion bars his municipal liability claim. *See Kannady*, 590 F.3d at 1171 (holding a plaintiff was not prejudiced when "he clearly knew" something "would be an issue" and "had a full opportunity to present evidence to support his position").

[89] *Motion to Dismiss* at 1–3.

[90] *Compare id.*, *with Motion for Summary Judgment* at 17–20.

[91] In their Opposition to Dunham's Motion to Dismiss, Defendants requested attorney fees if the court granted the Motion to Dismiss. *Defendants' Opposition* at 11. The court will not consider this request because it did not grant the Motion to Dismiss—it granted Defendants' Motion for Summary Judgment, which included a request for dismissal without prejudice under *Heck*. And regardless, a party must file a separate motion to request relief. DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply.").

[92] ECF 33.

[93] ECF 39.

[94] 512 U.S. 477 (1994).

All remaining claims are barred by issue preclusion and thus dismissed with prejudice. The Clerk of Court is directed to close the case.

  SO ORDERED this 7th day of September 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge